IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALICIA OLIVERA,<br><br>       Respondent,<br><br>       v.<br><br>CCS WASHINGTON JANITORIAL,<br>INC., a Washington company,<br><br>       Appellant. | No. 86076-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Alicia Olivera filed a lawsuit against her former employer, CCS Washington Janitorial, Inc. CCS moved to compel arbitration pursuant to an arbitration agreement included in Olivera's new employee onboarding process. After an evidentiary hearing, the trial court denied the motion to compel due to insufficient evidence of mutual assent to support an enforceable arbitration agreement. On appeal, CCS argues the trial court improperly denied the motion after finding that Olivera had not signed the arbitration agreement. Because the court based its decision on lack of mutual assent, which CCS fails to challenge, we affirm.

FACTS

Olivera applied for work at CCS. She is a native Spanish speaker who speaks little English and cannot read or write in English. Christian Mendoza, manager for CCS, spoke with Olivera in Spanish. He helped her set up an account in the CCS computer

system. The parties disagree as to whether Olivera completed the onboarding process and digitally signed her employment documents, including an arbitration agreement.

Olivera worked for CCS for approximately one year. She subsequently filed a class action complaint against CCS, alleging the company failed to provide proper rest and meal periods, violated overtime requirements, and willfully withheld wages from its employees. CCS filed a motion to compel arbitration of the claims pursuant to the arbitration agreement that Olivera allegedly signed when she was hired.

At an evidentiary hearing, the trial court heard testimony from Mendoza and Olivera. Mendoza testified that he was in charge of onboarding new hires. As part of the onboarding process, new hires are required to establish a password and personal identification number (PIN) for the computer system which only the new hire could access. New hires have the option to select Spanish as the language for the onboarding process. As part of the routine process, a new hire must review documents for all CCS policies including the arbitration agreement. The new hire must open a PDF file to view it and select "yes" or "no" after viewing the file. The system will not continue to the next document unless the new hire makes a selection. After reviewing the documents, the new hire enters the PIN "and that would electronically sign all of the documents." The new hire will then watch training videos and Mendoza will take a photograph for their badge.

Mendoza stated that he followed this process with Olivera. He could not recall whether Olivera used the CCS office computer or her phone to complete the onboarding

2

process. CCS produced Olivera's digitally signed arbitration agreement from her employment file, documents signed after completing the training videos, and her photograph.

Olivera testified that she met with Mendoza at CCS. She received the e-mail from the CCS computer system but did not understand what to do. Mendoza used her cell phone to help her with access, then told her to put in a password and PIN. Olivera said that she did not electronically sign any documents as part of her application with CCS. She did not recall seeing any of the policy documents, including the arbitration agreement.

After argument by the parties, the trial court issued an oral ruling:

> This is a classic conflict in testimony, and it comes down to who has the burden of proof. There were inconsistencies in Ms. Olivera's testimony, and there were certainly some concerning-- the court was also concerned with the testimony from Mr. Mendoza, whose recall was spotty and inconsistent.
>
> The burden is to show that there was in fact mutual assent, and based on this complete record, I believe that that burden has not been met.
>
> This document, the arbitration agreement was actually drafted, created, and submitted by the defendant. Even though there was one expression in English by Ms. Olivera, the court is convinced on this record that her capacity to read, understand, and speak English is extremely limited.
>
> There are advantages to Ms. Olivera for having the arbitration agreement not considered valid, and there are advantages to the defendant for the arbitration agreement to be considered valid.
>
> Given that the burden of proof is on the party seeking to enforce the agreement to show that the agreement exists and that it is binding, it is my conclusion that the record fails to show that Ms. Olivera understood anything, even if she did sign it, and that there was no mutual assent.

3

In its written order, the trial incorporated its oral ruling, concluding, "There is insufficient, inadequate evidence in the record to show that there was mutual assent required to create an enforceable arbitration agreement." Because CCS had failed to meet its burden of proof, the court denied the motion to compel arbitration.

CCS filed a motion for reconsideration, which the court also denied. The court's order denying the motion for reconsideration set out information it had considered, including defendant's initial burden of proof, "the presumptive vs. definitive effect of any signature to document," "the nature of the signature: actual vs. electronic," "the individual vs. block signature, i.e. the number of documents simultaneously for signature," plaintiff's language barrier, whether there was denial or failure of recollection by Olivera, "whether the record reflected any outward manifestation or confirmation of assent or agreement," whether Olivera's complaint or other materials acknowledged a contractually valid agreement, absence of mutual assent based on the record, and credibility of the witnesses.

CCS appeals.

DISCUSSION

CCS contends the trial court erred by denying the motion to compel arbitration. We review de novo a trial court's denial of a motion to compel arbitration. Weiss v. Lonnquist, 153 Wn. App. 502, 510, 224 P.3d 787 (2009).

"Arbitration is a matter of contract." Healy v. Seattle Rugby, LLC, 15 Wn. App. 2d 539, 544, 476 P.3d 583 (2020). Parties cannot be compelled to arbitrate without an agreement. Id.; RCW 7.04A.070(1). When parties disagree about the existence of an

agreement, "the court shall proceed summarily to decide the issue." RCW 7.04A.070(1). The threshold question is whether the parties entered into a valid agreement to arbitrate. Weiss, 153 Wn. App. at 511.

A valid contract requires mutual assent to its essential terms, generally in the form of an offer and an acceptance. Id. But an express agreement is not required. Marcus & Millichap Real Est. Inv. Servs. of Seattle, Inc., v. Yates, Wood & MacDonald, Inc., 192 Wn. App. 465, 474, 369 P.3d 503 (2016). "Normally, the existence of mutual assent or a meeting of the minds is a question of fact." Sea-Van Invs. Assocs. v. Hamilton, 125 Wn.2d 120, 126, 881 P.2d 1035 (1994). The burden of proving a contract is on the party asserting it, who must prove each essential fact, including the existence of a mutual intention. Saluteen-Maschersky v. Countrywide Funding Corp., 105 Wn. App. 846, 851, 22 P.3d 804 (2001); see also Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC, 139 Wn. App. 743, 765, 162 P.3d 1153 (2007) ("The burden of proving the existence of a contract is on the party asserting its existence.").

CCS argues the trial court improperly denied the motion to compel arbitration, specifically assigning error to the court's finding that Olivera did not sign the arbitration agreement. CCS also assigned error to the trial court's "fail[ure] to consider CCS's routine practice testimony which confirmed that Olivera create[d] a [PIN] and used that [PIN] to sign the Arbitration Agreement." However, the trial court did not base its denial on Olivera's failure to sign the arbitration agreement using a PIN or otherwise. Rather, the court found "that the record fails to show that Ms. Olivera understood anything, *even if she did sign it*, and that there was no mutual assent." (Emphasis added.) Regardless

of whether Olivera signed the agreement, the court concluded that CCS did not meet its burden of demonstrating that Olivera "understood or assented to the arbitration agreement."

CCS failed to assign error to the trial court's finding of fact that the record contained insufficient evidence to show mutual assent as required to create an enforceable arbitration agreement. Unchallenged findings of fact are verities on appeal. In re Est. of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). The finding of no mutual assent is, therefore, a verity on appeal. Without mutual assent, Olivera and CCS did not enter a valid and enforceable agreement to arbitration. The trial court did not err by denying the motion to compel arbitration.

Olivera requests attorney fees on appeal under RAP 18.9, which provides the court with discretion to order a party to pay fees for filing a frivolous appeal. RAP 18.9(a). We decline to exercise our discretion to award fees as a sanction.

Affirmed.

_____
Chung, J.

WE CONCUR:

_____
Birk, J.

_____
Smith, C.J.